In the Matter of SIDNEY J. GURAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 26, 1987

## APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Richard L. Baltimore* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Sidney J. Guran, was admitted to practice in

the Second Judicial Department in November 1937 and has, at all times here relevant, maintained an office for the practice of law within this Department. Petitioner, the Departmental Disciplinary Committee, seeks an order suspending respondent from the practice of law, pursuant to 22 NYCRR 603.16 (c) (1), until a determination is made that he is fit to continue the practice of law, on the ground that he is suffering from physical and mental disabilities which make it impossible for him adequately to defend himself in the disciplinary proceeding pending before it.

The petition in the underlying disciplinary proceeding alleges that respondent twice converted funds from an estate which he represented, neglected the estate by failing to make a distribution of assets and file a final accounting, neglected both to appear for a real estate closing and to protect his client's interest in the subject property, and executed a fraudulent contract for the sale of the subject property.

Respondent answered the petition, generally denying the allegations. Annexed to the answer were a letter from his attorney, stating that respondent "is not mentally capable of preparing for the hearing" and a letter from a physician, indicating that respondent suffers six medical problems, including polyneuropathy which will incapacitate him for at least 3 to 6 months.

In opposition to the instant motion, the respondent admits his illness, denies the substantive charges of professional misconduct, and states that he has not accepted any new cases since his seventieth birthday in 1984.

Since respondent maintains that he is not mentally capable of preparing for a hearing, he implicitly concedes that he is, at this time, incapable of practicing law. The obligation of this court, in such matters, is to protect the public. This obligation can properly be discharged only by suspending the respondent until a determination is made that he is mentally capable of resuming the practice of law (22 NYCRR 603.16 [c] [1]).

CARRO, J. P., ASCH, MILONAS, ROSENBERGER and ELLERIN, JJ., concur.

Petition granted and respondent suspended from practice as an attorney and counselor-at-law in the State of New York effective March 26, 1987, until a certain determination is made, and until the further order of this court.